**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROBERT E. SHEPHERD,**

      **Petitioner,**

**v.**                                        **Civil Action No. 1:07cv27**
                                                        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondents.**

## REPORT AND RECOMMENDATION

On February 6, 2007, the *pro se* petitioner filed a Petition for Writ of Mandamus. This case is before the undersigned for a preliminary review and Report and Recommendation.

In his petition, petitioner asserts that on March 6, 2000, a writ of habeas corpus *ad prosequendum* was ordered by the United States Magistrate for the Western District of Missouri and directed to the State of Missouri to release him into the custody of the United States Marshal. After a not guilty plea, the petitioner was found guilty on April 25, 2000 of Unlawful Transport of Firearms, etc., in violation of 18 U.S.C. § 922.G.F. On March 26, 2001, a Judgment and Commitment was issued to the U.S. Marshal sentencing the petitioner to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 100 months to be served concurrently to the sentence imposed by the Circuit Court of Jackson County, Missouri in Case No. CR97-935.[1] The petitioner asserts that the 381 days he spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum* has not been credited to his federal sentence. Petitioner now seeks a writ of mandamus awarding him credit for all time served towards his federal sentence to reduce the

---

[1] See Criminal Docket Number 4:00cr-00037-FJG-1

actual amount of time he is required to serve in a Bureau of Prison's facility.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this instance, the petitioner's right to relief is not clear and indisputable. In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

However, the mere fact that state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, it would appear that the petitioner's state sentence ran continuously from its start, until its expiration on or about April 2, 2002, when he was delivered to USP-Pollack. Because the petitioner cannot receive double credit, he is not entitled to any credit against his federal sentence for the time he spent in custody pursuant to the writ *ad prosequendum*. At most, he is entitled to credit for the time that he spent in state custody after his federal sentence was imposed. The petitioner was delivered to the custody of the BOP on April 2, 2002, and assuming good conduct time, his projected release date is July 22, 2008.[2] Given a 100 month sentence, it would appear that the Attorney General or the BOP designated the state facility for service of the petitioner's sentence prior to his transfer to the BOP, and he has received the maximum credit to which he is entitled towards his federal sentence.

However, even if the petitioner's sentence has been miscalculated by the BOP, he is still not entitled to a Writ of Mandamus because there is clearly another means to attain the relief he desires. The petitioner has available to him a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the manner in which his sentence has been calculated. Therefore, the petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petition for Writ of Mandamus be **DENIED and DISMISSED** and this case be stricken from the docket.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

---

[2]See www.bop.gov.

objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 30, 2007

   /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE