```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROBERT E. SHEPHERD,**

    **Petitioner,**

v.                              //          CIVIL ACTION NO. 1:07CV27
                                             (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On December 7, 2007, this Court granted pro se petitioner Robert E. Shepherd's ("Shepherd's") motion to reopen this case. On February 6, 2007, Shepherd filed a petition for a writ of mandamus. On October 30, 2007, United States Magistrate Judge James E. Seibert entered a Report and Recommendation ("R&R"), which recommended that this Court deny Shepherd's petition and dismiss the case with prejudice because Shepherd failed to meet the stringent standards for a writ of mandamus. Shepherd did not file any objections and this Court adopted the R&R by Order dated November 13, 2007. Subsequently, this Court granted Shepherd's motion to reopen this case. Despite this, he has never filed any objections to the R&R.

The Report and Recommendation, the Order adopting the R&R, and the Order reopening the case and giving Shepherd time to file objections to the R&R all specifically warned that failure to

object to the recommendation would result in the waiver of any appellate rights on this issue. Still, no objections have been filed.[1]

Based on the petitioner's failure to object, the Court **ADOPTS** the Report and Recommendation in its entirety and **DENIES** the Petition for a Writ of Mandamus (dkt. no. 18). It, therefore, **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to mail a copy of this Order to the pro se petitioner by certified mail, return receipt requested, and to counsel of record.

Dated: December 16, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter but also relieves the Court of any obligation to conduct de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-00 (4th Cir. 1997).